IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| KEVIN PENN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CASE NO. |
| ) | |
| CITY OF DECATUR, ALABAMA, ) | |
| and JUSTIN RIPPEN, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Kevin Penn complains of defendants, stating as follows:

### Parties

1. Kevin Penn is of legal age and a U.S. citizen. He resides in Decatur, Alabama.

2. Defendant the City of Decatur, Alabama is a municipality organized and existing under the laws of the state of Alabama.

3. Defendant Justin Rippen was employed by the City of Decatur as a police officer at all times relevant to the allegations in this complaint and is a resident and citizen of the state of Alabama. He is sued in his individual capacity.

### Facts

4. On or about March 15, 2020, a man attempted to shoplift from Kevin Penn's business, Star Spirits & Beverages.

5. Penn detained the thief at gunpoint and called the police.

6. After police arrived, Penn waved the officers in and unlocked the front door.

7. Penn removed the clip from his gun and put the gun on the counter.

8. After the thief was in custody, officers approached Penn with their weapons drawn.

9. These officers, including Rippen, knew Penn was the business owner and could see the gun on the counter.

10. The officers yelled at Penn about the gun.

11. Penn told them he had put the gun down.

12. Penn told the officers he was going to file a complaint.

13. In response, Rippen went past two other officers and punched Penn in the face, breaking Penn's jaw and causing him to lose a tooth.

14. Rippen arrested Penn and charged him with obstructing governmental operations, though there was not probable cause for the arrest.

15. Penn filed a complaint regarding the assault and false arrest.

16. The City refused to investigate the incident.

17. Rippen was not disciplined.

18. Penn has filed other complaints regarding police officer misconduct, including a baseless stop and illegal search subsequent to this incident.

19. These complaints were also ignored.

20. The City regularly receives complaints from citizens regarding officer misconduct in violation of constitutional rights and regularly ignores them, just as it did with Penn's complaints.

21. Specifically, the City regularly receives complaints concerning officers who, as Rippen did here, react with unjustifiable violence and false charges when a citizen speaks up or otherwise asserts his rights as an American citizen.

22. Common charges used by officers are obstructing governmental operations, disorderly conduct, and resisting arrest.

23. It is well known in the Decatur legal community that Decatur officers frequently use these charges, commonly referred to as POP (piss off police) charges, without a legal basis.

24. It is well known to experienced police officers and to City policymakers that officers, without proper training and supervision regarding the limits of their authority, are likely to violate the constitutional rules.

25. Nevertheless, City policymakers, with deliberate indifference, failed to take steps to insure officers were trained and supervised regarding the constitutional limits of officers' authority in these areas.

26. In particular, officers were not trained regarding the limited circumstances in which it is appropriate to charge persons with obstructing

governmental operations and other charges that are subject to abuse by officers.

27. Prior to this incident, City policymakers were aware of numerous incidents in which citizens were subjected to unconstitutional stops, searches, arrests, and uses of force but took no action to investigate and discipline officers.

28. This very case presents a prime example, as it was only the public release of video footage from one of Penn's surveillance cameras that caused the City to even pretend like it was investigating the matter.

29. The City's policymakers did not criticize Rippen's assault of Penn or Rippen's arrest of Penn.

30. The City's failure to take any action against Rippen is consistent with and reflective of a pre-existing policy and custom of tolerance for constitutional violations by officers, including illegal seizures, illegal searches, false arrests, and excessive force.

31. Prior to the violations of Penn's rights, the City permitted, encouraged, and ratified a pattern and practice of misconduct in that the City:

    a. failed to discipline or prosecute or in any manner deal with known incidents of misconduct; and

    b. refused to investigate complaints of misconduct, and, instead, officially claimed such incidents were justified and proper.

32. City policymakers were aware of prior incidents through use of force reports (which are approved through the chain of command), through reports from the

City attorney's office (which prosecutes the false charges used by officers in City court), complaints from citizens, reports from officers, and through other sources.

33. Through long-established practice, the City's policymakers established a custom or policy that incidents of possible, likely, or known misconduct are not investigated with the foreseeable result that officers believe they can get away with violating citizens' rights.

34. In fact, instead of reviewing incidents of possible, likely, or known misconduct, such incidents are routinely approved through the chain of command.

35. Because use of force reports and internal investigations are not a matter of public record, the number of excessive force and other incidents sanctioned by the City is not known.

36. The foregoing acts, omissions, and systemic failures and deficiencies are policies and customs of the City and caused officers to believe that constitutional violations would be tolerated and that complaints would not be honestly or properly investigated, with the foreseeable result that officers would violate the constitutional rights of Penn and other similarly-situated citizens.

### Count I - 42 U.S.C. § 1983 - Illegal Seizure / False Arrest
### (Rippen & City)

37. On or about March 15, 2020, Rippen, acting under color of law within the meaning of 42 U.S.C. § 1983, seized Penn without reasonable suspicion or

probable cause, thereby depriving Penn of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, Rippen violated Penn's right to be free from unlawful seizure.

38. Rippen acted with malice or reckless indifference to Penn's constitutional rights.

39. As explained above, Rippen acted was pursuant to a policy or custom of the City.

40. As a result of the conduct of defendants, Penn has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

### Count II - 42 U.S.C. § 1983 - Excessive Force (Rippen & City)

41. On or about March 15, 2020, Rippen, acting under color of law within the meaning of 42 U.S.C. § 1983, assaulted and battered Penn, thereby depriving Penn of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States in violation of 42 U.S.C. § 1983. Specifically, he violated Penn's right to be free from excessive force.

42. Rippen acted with malice or reckless indifference to Penn's constitutional rights.

43. As explained above, Rippen acted was pursuant to a policy or custom of the City.

44. As a result of the conduct of defendants, Penn has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

### Count III - 42 U.S.C. § 1983 - Illegal Seizure / False Arrest
### (Rippen & City)

45. On or about March 15, 2020, Rippen, acting under color of law within the meaning of 42 U.S.C. § 1983, assaulted and seized Penn without reasonable suspicion or probable cause, in retaliation for Penn's exercise of his First Amendment rights (his statement that he was going to file a complaint) thereby depriving Penn of his rights under the First Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983.

46. Rippen acted with malice or reckless indifference to Penn's constitutional rights.

47. As explained above, Rippen acted was pursuant to a policy or custom of the City.

48. As a result of the conduct of defendants, Penn has been caused to suffer physical and emotional injuries and damages and has been caused to incur medical bills and other expenses.

## Other Matters

49. All conditions precedent to the bringing of this suit have occurred.

## Relief Sought

50. As relief, plaintiff seeks the following:

   a. That he be awarded such compensatory damages as a jury shall determine from the evidence he is entitled to recover;

   b. That he be awarded against the individual defendants only such punitive damages as a jury shall determine from the evidence he is entitled to recover;

   a. That he be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

   b. That he be awarded the costs of this action, his reasonable attorney's fees, and his reasonable expert witness fees;

   e. That he be awarded such other and further relief to which he is justly entitled.

**Dated: March 11, 2022.**

Respectfully submitted,

s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com


s/ Carl Cole
The Cole Law Firm
P.O. Box 2064
Decatur, Alabama 35602
Phone: 256-353-0550
Fax: 256-353-0552
Email: carl@carlcolelaw.com

Attorneys for Plaintiff

## Jury Demand

Plaintiff requests a trial by jury.


s/ Henry F. (Hank) Sherrod III